**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 3:24-cr-00111-SRU-1 |
| | : | |
| v. | : | |
| | : | |
| VISHAL DHAR, | : | |
| *Defendant*. | : | January 13, 2025 |

**MOTION TO STAY SURRENDER DATE**
**DURING PENDENCY OF § 2255 MOTION**

Defendant Vishal Dhar respectfully moves this Court to stay his February 12, 2025 self-surrender date pending resolution of his 28 U.S.C. § 2255 petition filed concurrently with this motion. On January 10, 2025, the Government was consulted with a copy of this motion and the § 2255 petition and their position on the motion is that they plan on objecting to the motion and to the petition. In support of this request, Petitioner states the following:

## I. Extraordinary and Exceptional Circumstances Warrant a Stay

This Court has the inherent authority to stay execution of Petitioner's sentence by postponing his self-surrender date during pendency of his § 2255 petition. *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978). Although such a stay should only be granted in "unusual cases" or when "extraordinary or exceptional circumstances exist," this is such a case.

Petitioner's sentence is relatively short at one year and one day. If he is required to surrender before his § 2255 petition is adjudicated, he risks serving a substantial portion, if not all, of his sentence. This would effectively deprive him of the ability to meaningfully challenge his conviction and sentence. *See Calley v. Callaway*, 496 F.2d 701, 703 n.1 (5th Cir. 1974) (noting that bail may be warranted for "short sentences . . . so near completion that extraordinary action is essential to make collateral review truly effective").

As detailed in the § 2255 petition, if Petitioner is required to surrender and complete his sentence, he faces mandatory immigration detention and deportation proceedings due to the "aggravated felony" nature of his conviction. The immigration consequences are severe and irreversible – permanent separation from his family and removal from the only country he has called home for the past 16 years. A stay is necessary to prevent this outcome while Petitioner's substantial claims of ineffective assistance of counsel regarding the immigration consequences of the plea are considered by this Court.

## II. Petitioner is in Custody and § 2255 Petition is Properly Before the Court Even if His Surrender is Stayed

It is well-established in the Second Circuit that a petitioner is considered "in custody" for purposes of § 2255 while released on bail pending execution of his sentence. *United States v. Arthur*, 367 F.3d 119, 121-122 (2d Cir. 2004). Accordingly, although he is not yet in the physical custody of the Bureau of Prisons, and this motion seeks to prevent his incarceration from commencing, Petitioner's § 2255 petition challenging his conviction and sentence is and will continue to be properly before this Court. A stay of his surrender date is both within this Court's authority to grant and necessary to effectuate relief.

## III. Conclusion

WHEREFORE, the Petitioner respectfully requests that the Court stay his February 12, 2025 self-surrender date until his pending 28 U.S.C. § 2255 petition is resolved, due to the extraordinary circumstances of this case, the need to prevent irreparable harm, and the interests of justice.

Respectfully submitted,

DEFENDANT-PETITIONER
Alexander T. Taubes, Esq.
ALEXANDER T. TAUBES
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com